# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARLOS POREE**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-1348** |
| **RICHARD J. MORGANTE**<br>    **Defendant** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is Plaintiff Carlos Poree's motion to reopen the above-captioned case and allow him to proceed with his civil action without the appointment of a *guardian ad litem* because he is no longer a mentally incompetent person.[1] For the reasons that follow, Plaintiff's motion is **GRANTED**, and this case is **REOPENED**. No *guardian ad litem* will be appointed.

## BACKGROUND

Carlos Poree ("Poree") worked for the Internal Revenue Service ("IRS") as a Revenue Agent from July 1967 until he was fired in December 1976. On November 7, 1977, Poree went on a shooting spree in New Orleans, killing one person and injuring nine others. During his criminal trial, a Louisiana jury rejected Poree's insanity defense and convicted him of first-degree murder. In 1999, however, a federal district court granted Poree's application for a writ of habeas corpus and vacated his conviction and sentence. The court ordered the state to accept Poree's plea of not guilty by reason of insanity and ordered the state court to conduct a hearing to determine whether Poree should be civilly committed pursuant to the insanity verdict. Poree was subsequently

---

[1] R. Doc. 34.

diagnosed as a paranoid schizophrenic and, after a civil commitment hearing, was committed to the custody of the Eastern Louisiana Mental Health System ("ELMHS") Forensic Division in Jackson, Louisiana after a finding that he was mentally ill and dangerous. Despite his requests for a transfer to a transitional, less-restrictive setting,[2] Poree remains committed to the mental health facility.

In June of 2000, Poree filed a *pro se* complaint against Richard Morgante, the former director of the New Orleans District Office of the IRS, seeking (1) reinstatement to his position with the IRS, (2) back pay for the period between his discharge in 1976 and when he was found not guilty by reason of insanity in 1999, and (3) placement on disability until he is declared sane. The United States of America on behalf of Defendant Morgante ("the Government") filed a motion to dismiss Poree's suit on several grounds.[3] Adopting the Magistrate Judge's Report and Recommendation, the district court granted the Government's motion and dismissed the action with prejudice in December of 2001 for failure to state a claim because (1) Poree as a paranoid schizophrenic lacked capacity to sue under Rule 17 of the Federal Rules of Civil Procedure,[4] and (2) Poree failed to exhaust his administrative remedies under the Civil Service Reform Act.[5]

Poree appealed the district court's dismissal arguing that, even though he lacked capacity to sue, the action should have been dismissed *without* prejudice so that he may

---

[2] After a state trial judge held a lunacy hearing on January 18, 2011, the ELMHS Forensic Review Panel and court-appointed sanity commission recommended that Poree be conditionally transferred to Harmony Transitional Center, a private, residential transitional facility in Baton Rouge. R. Doc. 34-1. However, Poree's request for a transfer was denied by the state court on the basis that he still suffered from mental illness and posed a risk of danger if released from the custody of ELMHS. Poree is in the process of appealing this ruling. *See Poree v. Collins*, No. 12-1068 (E.D. La. filed Apr. 26, 2012); *Poree v. Collins*, No. 14-30129 (5th Cir. filed Feb. 14, 2014).

[3] R. Doc. 16.

[4] Capacity to sue "for an individual who is not acting in a representative capacity" is determined "by the law of the individual's domicile." Fed. R. Civ. Proc. 17(b)(1). Poree is domiciled in Louisiana, and "mental incompetent[s]" lack the procedural capacity to sue in Louisiana. La. Code Civ. Proc. art. 684.

[5] R. Doc. 25; R. Doc. 24; R. Doc. 20.

sue when he regains his sanity.[6] On appeal, the Government agreed the dismissal should have been without prejudice and argued that the Fifth Circuit "should still affirm the dismissal, but modify the judgment to be without prejudice."[7] The Fifth Circuit, however, reversed the district court and remanded the case, finding "it was error to dismiss the lawsuit with prejudice" and "the district court failed to comply with Federal Rule of Civil Procedure 17(c)" because it "failed to consider the possibility of appointing a *guardian ad litem* for Poree."[8] The Fifth Circuit remanded the action instructing the district court to "make a judicial determination as to whether [Poree's] interests have been 'adequately represented,' or whether a *guardian ad litem* should be appointed" before reaching the merits of his claims.[9] The Fifth Circuit stated: "Unless a guardian is appointed, or Poree otherwise gains capacity to sue, the suit should not be dismissed with prejudice."[10]

On remand, the district court again referred the case to the Magistrate Judge for further disposition.[11] Upon considering Rule 17(c), the Magistrate Judge issued an order in January 2003 administratively closing the case and staying it "until such time as [Poree] is able to establish that he is competent to proceed herein."[12] Since that time, the case has been administratively closed.

On April 9, 2014, Poree filed a motion to have his case reopened in which he contends (1) he is competent to proceed with this litigation because he is no longer a mental incompetent, and (2) the exhaustion of administrative remedies rule should not

---

[6] *See* R. Doc. 31 at p. 4.

[7] *Id.*

[8] *Id.* Rule 17(c) requires the court to appoint a *guardian ad litem* or make another appropriate order to protect an unrepresented incompetent person in an action. Fed. R. Civ. P. 17(c).

[9] *Id.* (citation omitted).

[10] R. Doc. 31.

[11] R. Doc. 32.

[12] R. Doc. 33.

be applied in this case due to impossibility.[13] The Government filed its response to the motion on May 16, 2014 in which it argued Poree had not established by a preponderance of the evidence that he is no longer a mental incompetent because he included only a mental status report from October 2010.[14] Additionally, the Government argues this Court lacks subject matter jurisdiction because Poree has failed to prove he exhausted his administrative remedies before filing suit.[15] Lastly, the Government contends Defendant Morgante was never properly served and is not the proper defendant.[16]

In December of 2014, the Court appointed attorney Ronald Lospennato for the limited purpose of representing Poree with respect to the competency determination for his pending motion to reopen this case.[17] The Government then moved for a Rule 35 examination of Poree's mental health to determine whether he is currently competent to proceed in this litigation.[18] Because Poree consented to the examination and the Court found there was good cause, the Court granted the Government's motion.[19] Dr. Rennie Culver conducted the examination in February of 2015. The parties and the Court have since received Dr. Culver's report concerning Poree's competency to proceed.[20] In light of the issuance of this report, the Court ordered the parties to provide supplemental briefing regarding Poree's competency to proceed without the appointment of a *guardian ad litem*.[21] Poree's motion is now ripe for determination.

---

[13] R. Doc. 34.
[14] R. Doc. 39.
[15] *Id.*
[16] *Id.* The Court notes the only motion pending in the case is Poree's motion to reopen. R. Doc. 34. These arguments are raised by the Government in its response to Poree's motion to reopen. R. Doc. 39.
[17] R. Doc. 44.
[18] R. Doc. 49.
[19] *Id.*
[20] *See* R. Doc. 55-1.
[21] R. Doc. 50.

## LAW AND ANALYSIS

### 1. *Competency to Proceed*

Under Federal Rule of Civil Procedure 17(c)(2), "[t]he court *must* appoint a *guardian ad litem*—or issue another appropriate order—to protect a[n] . . . incompetent person who is unrepresented in an action."[22] Pursuant to Rule 17(b)(1) of the Federal Rules of Civil Procedure, capacity for an individual who is not acting in a representative capacity to sue or be sued is determined by the law of the individual's domicile.[23] Poree is a Louisiana domiciliary;[24] thus, Louisiana law applies. Louisiana Code of Civil Procedure article 684 states: "A mental incompetent does not have the procedural capacity to sue."[25] The relevant question, then, is whether Poree is a "mental incompetent" under Louisiana law.

Louisiana law does not define "a mental incompetent" or establish a standard for determining whether a person is mentally incompetent in the context of procedural capacity.[26] Consequently, the determination "is a conclusion of fact based upon evidence."[27] Where other states' laws do not provide a definition or standard for determining whether a person has capacity to sue, other federal courts have considered whether the individual is mentally competent to understand the nature and effect of the

---

[22] Fed. R. Civ. P. 17(c)(2) (emphasis added).

[23] Fed. R. Civ. P. 17(b)(1).

[24] Since the filing of this suit, Poree has been committed to a facility in Jackson, Louisiana. R. Doc. 1; R. Doc. 34. Prior to his commitment, Poree worked in New Orleans, Louisiana. R. Doc. 1. The record contains no suggestion that Poree has ties to another state and instead indicates that Poree is now, and at all times relevant to this action has been, a Louisiana domiciliary.

[25] La. Code Civ. P. art. 684(A).

[26] *See* 1 *La. Prac. Civ. Proc. Article* 733 (2014 ed.) (citing *Wales v. Maroma*, 589 So. 2d 51, 51–52 (La. Ct. App. 1st Cir. 1991)). Under article 684, an interdict clearly does not have procedural capacity to sue, unless one of the exceptions in subsection (B) of the article applies. However, the comments to article 684 indicate the term "mental incompetent" also includes a person who has not been interdicted. *See* La. Code Civ. Proc. art. 684 cmt. (c) ("Though a mental incompetent not interdicted has no procedural capacity to sue, if the defendant does not timely except thereto, the judgment rendered is not void, but only voidable.").

[27] *Wales*, 589 So. 2d at 52.

litigation at hand.[28] Likewise, in this case, the Court finds the relevant inquiry is whether Poree is mentally competent to understand the nature and effect of this litigation such that he can make rational decisions with respect thereto.

In making this determination, the Court has considered Poree's motion to reopen the case, the Government's response, the supplemental memoranda filed by counsel for both parties, the mental health records obtained from ELMHS, and Dr. Culver's report. As ordered by the Court, Poree was examined by Dr. Culver on February 18, 2015, and Dr. Culver issued his report on February 22, 2015. The Court gives much weight to Dr. Culver's report, which is the most up-to-date evaluation of Poree's mental health. In relevant part, Dr. Culver reports:

> [A]lthough [Mr. Poree] is and always will be schizophrenic, as the disease cannot be cured, because he has been administered appropriate antipsychotic medication for several decades his psychosis is in excellent remission. It is likely to remain so as long as he continues to take antipsychotic drugs.
>
> I find Mr. Poree competent to proceed in the present legal matter in federal court. Whether his position with respect to his past employment with the IRS has legal merit is obviously for the court to decide and is beyond the scope of a psychiatric assessment. His position, however, is not motivated or informed by delusional beliefs. Therefore, psychiatrically there is no contraindication to his proceeding even if, practically speaking, he should be unwise enough to go to court *pro se*.[29]

Importantly, Dr. Culver's opinion is in line with the records received by the Court

---

[28] *See Scannavino v. Florida Dep't of Corrections*, 242 F. R.D. 662, 662–64 (M.D. Fla. 2007) (stating the relevant Florida statute does not define incapacity or incompetence, and "[i]n the context of federal civil litigation, the relevant inquiry is whether the litigant is mentally competent to understand the nature and effect of the litigation she has instituted." (internal quotation marks and citation omitted)); *U.S. v. One Parcel of Prop. Located at 9607 Lee Rd. 72, Waverly, Lee Cnty., Ala.*, 915 F. Supp. 2d 1270, 1271–72 (M.D. Ala. 2012) (stating Alabama law does not provide a definition, and "[t]he court thus views the relevant inquiry to be whether there is sufficient evidence in the record to determine that Zellers is mentally impaired to the extent that he cannot understand the nature and effect of this litigation"); *see also Bodnar v. Bodnar*, 441 F.2d 1103, 1104 (5th Cir. 1971) (per curiam) (affirming the district court's dismissal of a suit without prejudice after the plaintiff "refused to submit to a mental examination for the purpose of determining whether she was mentally competent to understand the nature and effect of the litigation she had instituted, so that if needed a guardian ad litem could be appointed").

[29] R. Doc. 55-1 at p. 10.

containing the opinions of Poree's psychiatrists at ELMHS.[30] The Government's supplemental memorandum states: "In light of Dr. Culver's findings, the United States is satisfied that the Plaintiff, Carlos Poree, is competent to proceed with the litigation without a *guardian ad litem* as well as act as his own counsel in proper person."[31]

The Court finds Poree is currently competent to understand the nature and effect of this litigation and to make rational decisions regarding it. Accordingly, a *guardian ad litem* need not be appointed pursuant to Rule 17(c)(2) in order for the case to be reopened.[32] With respect to Poree's competence to represent himself in this litigation, the Court finds he is competent to act as counsel on his own behalf.[33]

## 2. *Service*

The Government also argued in its original motion to dismiss and in its response to the pending motion that Defendant Morgante was never properly served and, in any case, Morgante is not the proper defendant.[34] In Poree's supplemental memorandum, he "concedes that Mr. Morgante is not a proper party in this case. However, . . . he contends that there is good cause [under Rule 4 and Rule 21 of the Federal Rules of Civil Procedure] to permit him to join and serve the proper party or parties to this action."[35]

Generally, the Federal Rules of Civil Procedure require service be made on a

---

[30] R. Doc. 34-1 at pp. 4–5 (2010 opinion of the Forensic Review Panel stating Poree is mentally ill but in stable remission of mental illness and recommending a conditional release to a structured, secure, and supervised group home).

[31] R. Doc. 54 at p. 2.

[32] Because the Court finds Poree is competent to proceed, a hearing is unnecessary.

[33] Poree filed this action *pro se*. R. Doc. 1. On December 22, 2014, the Court appointed attorney Ron Lospennato for the limited purpose of representing Poree with respect to making the competency determination for his pending motion to reopen this case. R. Doc. 44. Upon the entry of this Order, Mr. Lospennato will be permitted to withdraw as counsel in this matter. However, Mr. Lospennato has represented to the Court that he will try to help Poree obtain counsel, and the Court encourages Poree to do so.

[34] R. Doc. 39; R. Doc. 16; R. Doc. 8.

[35] R. Doc. 55.

defendant within 120 days after the complaint is filed.[36] However, the Court must extend the time for service if the plaintiff shows good cause for the failure.[37] Additionally, Rule 21 permits the Court to add or drop a party at any time because "[m]isjoinder of parties is not a ground for dismissing an action."[38]

This case has been pending before the Court for nearly 15 years.[39] Plaintiff filed this action *pro se*, and he has been deemed a mental incompetent for most of the time this action has been pending. The Court finds there is good cause to permit Poree to add and serve the proper party defendants in this case. Thus, the Court grants Poree additional time to file an amended complaint to assert his claims against the proper parties and to serve them.[40] Poree should ensure the amended complaint is in the proper form.[41]

### 3. *Exhaustion of Administrative Remedies*

Poree's *pro se* motion to reopen filed in 2014 also briefly addresses the impossibility of his proving he exhausted his administrative remedies before filing this suit.[42] He appears to be anticipating that exhaustion of administrative remedies will be an issue in this suit and, as such, was preemptively addressing it. The exhaustion issue

---

[36] Fed. R. Civ. P. 4(m).

[37] *Id.* Plaintiff's memorandum cites Federal Rule of Civil Procedure 4(j). R. Doc. 55 at p. 14. However, the 120-day service rule was revised in 1993 and since has been contained in subdivision (m). Fed. R. Civ. P. 4(m). This action was filed in 2000. R. Doc. 1. In any case, under either version of the rule, good cause may be shown for why service was not made within 120 days.

[38] Fed. R. Civ. P. 21.

[39] R. Doc. 1.

[40] Because Poree concedes Defendant Morgante is not a proper party in this case, R. Doc. 55 at p. 14, he should not be included as a defendant in the amended complaint. The Court will then dismiss Morgante as a defendant once the amended complaint is filed. *See* Fed. R. Civ. P. 21.

[41] Poree originally filed this action on a form reserved for use by prisoners filing a complaint under 42 U.S.C. § 1983. However, Poree does not appear to be asserting any claims under the Civil Rights Act. Thus, his amended complaint should comply with the pleading rules under the Federal Rules of Civil Procedure.

[42] R. Doc. 34.

was originally raised in the Government's motion to dismiss filed on May 29, 2001[43] and again in the Government's response to Poree's recent motion to reopen.[44] Although the Magistrate Judge addressed the exhaustion issue in her original Report and Recommendation, which was adopted by the District Court, this judgment was reversed and remanded by the Fifth Circuit Court of Appeals.[45] The only motion pending now is Poree's motion to reopen the case, and the Court finds Poree is competent to proceed without the appointment of a *guardian ad litem*. Once the proper parties have been joined in the amended complaint, the defendant(s) may file a motion to dismiss on this or other grounds.[46]

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion to reopen the above captioned matter is **GRANTED**, and the case is **REOPENED** without the appointment of a *guardian ad litem* being appointed because the Court finds Poree competent to proceed.[47]

**IT IS FURTHER ORDERED** that Plaintiff has until **30 days** from the date of this Order to amend his complaint to assert claims against the proper parties. Plaintiff then has **120 days** from the date the amended complaint is filed to properly serve the newly added defendant(s) pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

---

[43] R. Doc. 16.

[44] R. Doc. 39.

[45] R. Doc. 31. Also, the Court finds the Magistrate Judge's brief consideration of exhaustion under the Civil Service Reform Act to be insufficient to properly address the issues raised in this case.

[46] Any such motion should include briefing on the issues raised in Poree's supplemental memorandum, R. Doc. 55, including (1) which exhaustion rules apply since Poree was terminated in 1976, before the Civil Service Reform Act was enacted, (2) which party bears the burden of proof on this issue, and (3) whether remand or dismissal of the case would be appropriate if the Court finds Poree did not exhaust his administrative remedies.

[47] R. Doc. 34.

New Orleans, Louisiana, this 31st day of March, 2015.

SUSIE MORGAN
UNITED STATES DISTRICT JUDGE