# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARLOS R. POREE,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-1348** |
| **RICHARD J. MORGANTE**<br>    **Defendant** | **SECTION "E" (5)** |

### ORDER AND REASONS

Before the Court are Defendant's motion to dismiss and Plaintiff's motion for an "extended continuance."[1]

### BACKGROUND

Plaintiff Carlos Poree ("Plaintiff") began working as a revenue agent for the Internal Revenue Service ("IRS") on July 3, 1967.[2] On December 17, 1976, the IRS terminated Plaintiff's employment for failure to respond to directions from his supervisor, absence without authorization on 14 occasions in a 30-day period, and failure to provide adequate security for official tax returns and related documents.[3]

In 1978, Plaintiff was convicted of first-degree murder and was sentenced on January 3, 1979, to life imprisonment without parole, probation, or suspension of sentence.[4] In July 1999, a federal district court granted Plaintiff's application for a writ of habeas corpus and vacated his conviction and sentence.[5] The court ordered the state to accept Plaintiff's plea of not guilty by reason of insanity and to conduct a hearing to

---

[1] R. Doc. 65 (Motion to dismiss); R. Doc. 87 (Motion for an extended continuance).
[2] R. Doc. 57-1 at 1.
[3] *Id.* at 2.
[4] *See Poree v. Cain*, 1999 WL 518843, at *1 (E.D. La. July 20, 1999).
[5] *Id.* at *8.

1

determine whether Plaintiff should be civilly committed pursuant to the insanity verdict.[6] Plaintiff was diagnosed with schizophrenia and committed to the custody of the Eastern Louisiana Mental Health System Forensic Division in Jackson, Louisiana, where he remains.

In June 2000, Plaintiff, proceeding *pro se*, filed this suit under 42 U.S.C. § 1983 against Richard J. Morgante, the former director of the New Orleans District Office of the IRS, seeking reinstatement with the IRS, back-pay for the period between the date of his termination in 1976 and the date he was found not guilty by reason of insanity in 1999, and placement on disability until he is declared sane.[7] Plaintiff alleges the district director of the IRS terminated Plaintiff's employment in 1976 but that he was reinstated in 1977 prior to his arrest.[8]

On July 11, 2000, Plaintiff amended his pleadings to request that the Court review the record of his purported Civil Service Commission appeal from 1976.[9] Plaintiff also alleged in his amended complaint that he was suffering from paranoid schizophrenia during the course of events that led to his termination.[10] Plaintiff alleged that "[t]his medical evidence alone will cause the court to render a decision in favor of plaintiff."[11]

In January 2003, this case was administratively closed and stayed "until such time as [Plaintiff] is able to establish that he is competent to proceed herein."[12] On April 9, 2014, Plaintiff filed a motion to reopen this case. After the Court found Plaintiff competent to proceed, the Court granted Plaintiff's motion and reopened the case on March 31,

---

[6] *Id.*
[7] R. Doc. 1 at 4.
[8] *Id.*
[9] R. Doc. 4.
[10] *Id.*
[11] *Id.*
[12] R. Doc. 33.

2

2015.[13]

On April 23, 2015, Plaintiff filed an amended complaint, substituting Secretary of the Treasury Jack Lew ("Defendant") in place of Morgante. In his motion to amend his original and amended complaints, which this Court granted on July 16, 2015,[14] Plaintiff amended his complaint, requesting that he be allowed to "utilize accumulated sick leave to cover, first, those days he was placed on leave without pay and those days he was placed on suspension," rather than seek back-pay.[15]

Plaintiff argues he was wrongfully terminated due to his mental illness. In his amended complaint, Plaintiff contends he "should have been placed on sick leave and subsequently placed on disability" instead of being involuntarily terminated.[16] Plaintiff alleges, "Plaintiff's position in this civil action is that he was mentally ill while an employee of the Internal Revenue Service. . . . Plaintiff now points to the status report from Feliciana Forensic Facility in which three psychiatrists concluded that plaintiff started experiencing mental problems as early as 1975 which is more than one year prior to his being terminated by the Internal Revenue Service."[17]

On July 9, 2015, Defendant filed a motion to dismiss this matter without prejudice.[18] Defendant argues this Court lacks subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure because Plaintiff cannot establish that he exhausted the applicable administrative remedies before the Civil Service Commission.[19]

---

[13] R. Doc. 56.
[14] R. Doc. 67.
[15] R. Doc. 64 at 1–3.
[16] R. Doc. 57 at 10.
[17] *Id.*
[18] R. Doc. 65.
[19] *Id.* During a November 28, 2000, preliminary conference, Plaintiff informed the Court that he had not filed any type of administrative claim with the IRS or any other governmental agency concerning his demands in this litigation. *See* R. Doc. 10 at 2. Nevertheless, Plaintiff argues he was reinstated to his former position by the Civil Service Commission in 1977. *See* R. Doc. 1 at 4. Plaintiff concedes he has not exhausted

3

Plaintiff filed a response in opposition on July 24, 2015.[20] Defendant filed a reply in support of the motion to dismiss on August 3, 2015,[21] and Plaintiff filed a surreply on August 10, 2015.[22]

Plaintiff has now represented to the Court that he has communicated with the Office of Personnel Management ("OPM") in an attempt to have OPM consider his claims.[23] On June 6, 2016, Plaintiff filed a "Motion for an Extended Continuance." Plaintiff requests the Court to effectively stay the case "until the Office of Personnel Management has considered Plaintiff's disability payment claims."[24]

## STANDARD OF LAW

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[25] A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject-matter jurisdiction.[26] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[27] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.[28] The Court is permitted to make factual findings when considering a Rule 12(b)(1) motion to dismiss.[29] "It may hear

---

his administrative remedies with respect to mental illness claim. R. Doc. 57 at 14. Plaintiff also concedes he has "no proof of exhaustion of [the] administrative remed[ies]." R. Doc. 68 at 2.
[20] R. Doc. 68.
[21] R. Doc. 71.
[22] R. Doc. 73.
[23] R. Doc. 87.
[24] *Id.*
[25] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[26] *See* FED. R. CIV. P. 12(b)(1).
[27] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[28] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[29] *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction."[30]

## ANALYSIS

Plaintiff seeks relief under the Civil Service Reform Act of 1978 ("CSRA"). The CSRA established a comprehensive scheme of administrative and judicial review to govern federal employment disputes.[31] The procedural remedies the CSRA provides depend on the type of personnel action involved and the employee's career status.[32] The Act provides non-probationary employees with elaborate administrative and judicial rights.[33] Plaintiff was a non-probationary member of the competitive service and thus entitled to certain protections under the CSRA.[34]

Congress enacted the CSRA as a result of widespread criticism of the previous "patchwork" system of administrative and judicial review, which caused the appeals process to be "so lengthy and complicated that managers in the civil service often avoided taking disciplinary action against employees even when it was clearly warranted."[35]  The CSRA now provides the exclusive remedial framework for federal personnel disputes, and the Act implemented an integrated scheme of administrative and judicial review "designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration."[36] Before a plaintiff can bring a suit under the CSRA, he must exhaust the applicable administrative remedies as provided

---

[30] *Id.*
[31] *See Lindahl v. Office of Personnel Management*, 470 U.S. 768, 773–74 (1985).
[32] *See id.*; *see, e.g.,* 29 C.F.R. § 1614.501.
[33] *See, e.g.,* 5 U.S.C. §§ 2103, 2105, 2108, 4303, 7701, 7703.
[34] *See* 5 U.S.C. §§ 2102(a)(1), 2302(a)(2)(B), 7511(a)(1)(A).
[35] *Id.*
[36] *United States v. Fausto*, 484 U.S. 439, 445 (1988).

under the Act.[37]

In Defendant's motion to dismiss, Defendant argues Plaintiff cannot establish he exhausted the applicable administrative remedies and that, at the time of his termination, the applicable remedies did not provide for review in federal district court.[38]

In his opposition, Plaintiff argues he exhausted the administrative remedies because he appealed his involuntary termination.[39] Plaintiff argues he appealed to the district director of the IRS but his appeal was denied and the decision was considered final.[40] He avers that he then appealed to the Dallas office of the U.S. Civil Service Commission ("CSC"), which denied his appeal, and subsequently to the U.S. CSC in Washington, D.C.[41] In his amended complaint, Plaintiff alleges that while he awaited a decision from the CSC in Washington, the district director visited Plaintiff in person to tell him his appeal had been granted and that he would be reinstated to his former position at the IRS and could return to work once he received written determination.[42] Plaintiff alleges he was reinstated before the events underlying his arrest and conviction.[43] This account is contrary, however, to his concession to the Court on November 28, 2000, that he had not filed an administrative claim with any governmental agency with respect to his demands in this litigation.[44]

Plaintiff has the burden to establish exhaustion of administrative remedies.[45]

---

[37] *See* 29 C.F.R. § 1614.310; *Smith v. Potter*, 400 F. App'x 806, 812 (5th Cir. 2010).
[38] R. Doc. 65.
[39] R. Doc. 68.
[40] R. Doc. 68; R. Doc. 57 at 8.
[41] *Id.*
[42] R. Doc. 57 at 10–11.
[43] R. Doc. 19 at 3.
[44] R. Doc. 10 at 2. *See Williamson*, 645 F.2d at 413.
[45] *Beale v. Blount*, 461 F.2d 1133, 1140 (5th Cir. 1972) ("[T]he doctrine of exhaustion of available administrative remedies requires a federal court plaintiff to establish that all claims which could have been entertained by the administrative agency involved were in fact presented to that agency for resolution.").

6

Plaintiff must show he presented all of his claims to the CSC, and he cannot raise arguments related to the adverse action for the first time in federal court.[46]

In 1976, the Code of Federal Regulations ("C.F.R.") provided the administrative remedies for certain employees of the U.S. government who suffered adverse actions.[47] Under 5 C.F.R. § 752.203, employees could appeal adverse actions, including removal,[48] to the CSC within 15 days of the effective date of the removal.[49] The decision of the office of the CSC that had appellate jurisdiction was final, according to the C.F.R., but either party to the appeal could petition the Appeals Review Board to reconsider the decision.[50] If the Appeals Review Board agreed to reconsider the CSC's decision, it would issue a written decision, which was final.[51] If corrective action was recommended, the C.F.R. instructed the agency to report promptly to the board that the corrective action had been taken.[52]

The CSC's decision after review of an adverse action was final unless the Appeals Review Board agreed to reopen the CSC's decision, in which case the board's decision would be final. As a result, federal district courts may not have had the ability to review CSC or Appeals Review Board decisions "where (1) statutory procedure [had] been fully complied with, and on the face of the record before the court, there is lacking proper evidence of arbitrary (illegal) action; (2) where there [was] no defect of jurisdiction in the administrative agencies; (3) the determination rest[ed] solely in the discretion or judgment of the administrative agencies (in weighing the facts and arriving at a plausible

---

[46] *See id.*
[47] *See* 5 C.F.R. § 752 (1976).
[48] 5 C.F.R. § 752.201(b)(1) (1976).
[49] 5 C.F.R. § 752.203 (1976).
[50] 5 C.F.R. § 752.203(b) (1976).
[51] 5 C.F.R. § 772.311(g) (1976).
[52] *Id.*

conclusion)."[53] A 1958 book on civil service law provides further explanation:

> [I]t is only where solely an issue of law is involved, some patently illegal action, some action beyond the lawful authority of the administrative agency, that the determination of the administrative agency will not be deemed to be "final and conclusive" but subject to limited review by the courts. The courts have deliberately hesitated to assume jurisdiction (wherever they could avoid it) where the administrative determination by law is made final and conclusive.[54]

The CSRA, effective January 11, 1979, abolished the CSC and replaced it with OPM and the Merit Systems Protection Board ("MSPB").[55]

Plaintiff admitted the Court in November of 2000 that he had not filed any type of administrative claim with the IRS or any other governmental agency concerning his demands in this litigation.[56] Nevertheless, in his opposition to Defendant's motion to dismiss filed July 24, 2015, Plaintiff argues he has exhausted the applicable administrative remedies,[57] though Plaintiff concedes he has not exhausted his administrative remedies with respect to his mental illness claim.[58] Plaintiff also concedes he has no proof of any purported exhaustion of administrative remedies because all records from the U.S. CSC were destroyed seven years after it was abolished.[59] Plaintiff told the Court during status conferences that he does not have any copies of the records from his appeals with the U.S. CSC.

In his motion for an "extended continuance," Plaintiff asserts that he has communicated with OPM and that OPM will consider his claim if his filing has been delayed because of mental incompetence.[60] Plaintiff has no objection to pursuing his

---

[53] H. Eliot Kaplan, *The Law of Civil Service* 241 (Matthew Bender & Company 1958).
[54] *Id.*
[55] *See* 5 U.S.C. § 1101.
[56] R. Doc. 10 at 2.
[57] R. Doc. 68.
[58] R. Doc. 57 at 14.
[59] R. Doc. 68 at 2.
[60] R. Doc. 87 at 1–2.

8

claims through the applicable administrative remedies.[61] Accordingly, the Court will grant Defendant's motion to dismiss this case and will do so without prejudice. A court's dismissal of a case for lack of subject-matter jurisdiction is not on the merits and does not prevent the plaintiff from pursuing his claim in another forum.[62] The Court cannot grant the motion to stay and retain jurisdiction over this matter.[63]

Plaintiff may now seek review of his claims by OPM, which he represents has indicated it will consider whether his filing was excusably delayed because of mental incompetence.[64] When Plaintiff receives a decision from OPM, he may seek review by the MSPB.[65] After receiving a final order or decision from the MSPB, Plaintiff may file a petition to review the MSPB's decision in the United States Court of Appeals for the Federal Circuit.[66] This Court will not have the power to review a decision from the MSPB.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Defendant's motion to dismiss without prejudice is **GRANTED**.[67]

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extended continuance is **DENIED**.[68]

---

[61] *Id.*
[62] *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).
[63] *See Home Builders*, 143 F.3d at 1010 (Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.").
[64] *See* R. Doc. 87.
[65] *See* 5 U.S.C. §§ 7513(d), 7701.
[66] 5 U.S.C. § 7703(b)(1)(A).
[67] R. Doc. 65. Defendant's motion to continue is **DENIED AS MOOT**. R. Doc. 88.
[68] R. Doc. 87.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 27th day of June, 2016.

*Susie Morgan*
_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**